**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**THERESA FINNIESSEE**,

    Plaintiff,

v.

**NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,**

    Defendant.

Civil Action No. 7:14-CV-114 (HL)

**ORDER**

This case is before the Court on Plaintiff's Motion for Attorney's Fees Under the Social Security Act, 42 U.S.C. § 406(b). (Doc. 17). On February 2, 2015, the Commissioner filed an unopposed motion requesting that the Court reverse the Commissioner's decision and remand this matter to the Commissioner for further proceedings. (Doc. 10). The Court granted the motion and remanded the case. (Doc. 11). Shortly thereafter, Plaintiff's counsel, Charles L. Martin, filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 13). Based on a total of 37.85 attorney work hours, Mr. Martin requested attorney's fee in the amount of $7,141.27. (Id.). Pursuant to a joint stipulation (Doc. 14), the Court awarded Mr. Martin $6,800.00 in attorney's fees. (Doc. 15). However, because Plaintiff owed a qualifying debt to the government, her EAJA fee award was applied to that debt under the Treasury

Offset Program. 31 U.S.C. §§ 3711 and 3716; see also Astrue v. Ratliff, 560 U.S. 586, 589-93 (2010). Mr. Martin now seeks an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $13,564.00, representing 25% of Plaintiff's past-due benefits less the $6,000.00 in administrative fees he has already received from the Social Security Administration ("SSA"). (Docs. 17-1, 17-3). The Commissioner does not oppose the fee award sought by Mr. Martin. (Doc. 19).

The Court may award a reasonable contingency fee for successful representation of a claimant in a Social Security appeal, provided that the amount does not exceed 25% of the total past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010). If the requested fee falls within the 25% limit, "the court must then determine 'whether the fee sought is reasonable for the services rendered.'" Id. (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002)). "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." Id.

The fee award requested by Mr. Martin falls within the 25% limit under § 406(b) and otherwise comports with the fee agreement with Plaintiff. (Doc. 17-4). According to the Notice of Award issued to Plaintiff on February 28, 2018, SSA awarded Plaintiff past-due benefits of $78,256.00. (Doc. 17-3). SSA

withheld $6,000.00 from the award to pay Mr. Martin. (Id.). Twenty-five percent of $78,256.00 less the $6,000.00 administrative fee equals $13,564.00.

Next, the Court must examine the reasonableness of the fee. Plaintiff's counsel bears the burden of persuasion to "show that the fee sought is reasonable for the services rendered." Gisbrechet, 535 U.S. at 807, n. 17. To assist the Court in assessing the reasonableness of the fee requested, the attorney may submit the fee agreement, the record of the hours spent representing the claimant, and a statement of the attorney's normal hourly billing charge for a non-contingency fee case. Id. at 808.

Plaintiff's counsel is an experienced Social Security claimant's attorney whose legal practice is comprised of 90% Social Security work. (Doc. 17-7, ¶¶ 3-4). While the vast majority of Mr. Martin's legal representation is conducted on a contingency fee basis, he does on occasion bill his services at a non-contingent hourly rate of $425.00 per hour. (Id. at ¶ 5). For this particular case, Mr. Martin entered into a contingency fee contract with Plaintiff, whereby Plaintiff agreed to pay Mr. Martin 25% of any back benefits she received. (Doc. 17-4, p. 3).

Mr. Martin attests that over the course of his representation of Plaintiff, he recorded a total of 37.85 hours of legal work. (Doc. 17-7). The services he provided Plaintiff included "evaluating the case for appeal to the District Court; advising the claimant regarding appeal to District Court[;] filing the complaint; carefully studying and summarizing the administrative record and decisions;

3

researching, preparing and filing a brief in District Court; review[ing] [the Commissioner's] motion to remand and evaluat[ing] . . appeal merit review; and preparing an application for EAJA attorney's fees." (Doc. 17-1, p. 2). Based on the amount of time expended by Mr. Martin in preparing this case and pursuing benefits on behalf of Plaintiff, as well as the requisite skill and expertise required to obtain the benefits received by Plaintiff, the Court concludes that the 25% contingency fee is reasonable in this case.

The Court accordingly **GRANTS** Plaintiff's Motion for Attorney's Fees (Doc. 17) and awards Plaintiff's attorney $13,564.00 in attorney's fee pursuant to 42 U.S.C. § 406(b).

**SO ORDERED** this 3rd day of July, 2018.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks